[No. 8242.  Department Two. — December 22, 1885.]

J. B. CAMPBELL, APPELLANT, v. W. J. OAKS, RE-
SPONDENT.

EXECUTION SALE — REDEMPTION BY JUDGMENT DEBTOR — PAYMENT OF
PRIOR JUDGMENT. — Under section 702 of the Code of Civil Procedure,
a judgment debtor whose lands have been sold under execution may
redeem the same from the purchaser without paying the amount of a
prior judgment against him held by a partnership of which the purchaser
is a member.

APPEAL from a judgment of the Superior Court of the
county of San Luis Obispo.

The facts are stated in the opinion of the court.

*J. M. Wilcoxon,* for Appellant.

*Craig & Meredith, McD. R. Venable,* and *John Scott,* for
Respondent.

MORRISON, C. J.—This suit was brought to compel the
defendant, who was the sheriff of the county of San Luis
Obispo, in this state, to execute to him, plaintiff, a certifi-
cate of redemption to certain lands sold under execution.
The sheriff refused to execute such certificate, for the
reason that there was a prior lien on said lands, held by
a certain partnership of which the purchaser at the exe-
cution sale was a member, and the court sustained him
in this contention.  The following are the findings in
the case:—

"1. That on the third day of January, 1881, the
plaintiff was the owner in fee of the land and premises
described in the plaintiff's complaint herein.

"2. That pursuant to an execution, duly and regularly
issued out of the court of G. W. Barnes, Esq., a justice
of the peace in and for the township of San Luis Obispo,
county of San Luis Obispo, state of California, upon a
judgment duly made and given therein in a certain
action wherein E. Lasar was plaintiff, and the plaintiff

herein was defendant, the defendant, W. J. Oaks, he being then duly elected, acting, and qualified sheriff of said county, duly and in accordance with law, on the third day of January, 1881, sold said land and premises to one Ernest Cerf, for the sum of $3.15, and thereupon duly issued and filed for record, as required by law, a certificate of sale therefor.

"3. That on the eleventh day of January, 1881, and within six months after the sale aforesaid, this plaintiff deposited with the defendant, who was then and is now the sheriff as aforesaid, the sum of $3.22, in the same kind of money or currency in which and for which the sale was made, that sum being the amount paid by said Cerf for said real property, with interest thereon at the rate of two per cent per month from the date of the purchase by said Cerf as aforesaid, to the date of such deposit, together with the amount of all assessments and taxes which said Cerf had paid thereon after the purchase by him as aforesaid, and interest on the same, and demanded from the defendant that he execute and deliver to the plaintiff a certificate of redemption of said premises, which he refused and neglected, and still neglects and refuses, to do, by direction of said E. Cerf, the purchaser at said sale.

"4. That the plaintiff has not alienated or conveyed to any one his interest in or to the said land or premises, and at the time of the commencement of this action was the owner of the equity of redemption thereof.

"5. That on the second day of September, A. D. 1880, in an action duly commenced and prosecuted in the Superior Court of the said county of San Luis Obispo, wherein A. Blochman, M. Cerf, Ernest Cerf, and L. M. Kaiser, as partners under the firm name of A. Blochman & Co., were plaintiffs, and the said plaintiff herein was defendant, a judgment was duly made and entered by said court in favor of the plaintiffs in said action and against the said J. B. Campbell, the plaintiff herein, for

the sum of $653.68, with interest from the date of said judgment at the rate of seven per cent per annum, and also for $16.65, costs of suit; that no part of said judgment has ever been paid or satisfied, except the sum of $142.71, paid thereon, and that the said judgment was subsisting and in full force and unsatisfied at the date of the execution sale mentioned in second finding above, and still subsists and is in full force and unsatisfied, and the plaintiff has not at any time paid or tendered the amount of said judgment lien remaining so unsatisfied.

"6. That the said judgment in said action of A. Blochman & Co., against J. B. Campbell, the plaintiff herein, was recovered on an account due to said partnership, and was and is a part of the assets of the said firm; that the said E. Cerf, at the time of his purchase at said execution sale, was and ever since has been, and now is, a member of the said firm of A. Blochman & Co., and purchased the said property at said execution sale as such member and in trust for the said firm and with the firm money, and said purchase was by and on account of said firm of A. Blochman & Co., the said Ernest Cerf holding the title acquired by said certificate of sale, issued to him by said sheriff, in trust for the said firm.

"7. That on the said eleventh day of January, 1881, the plaintiff had notice that said E. Cerf purchased said real property with and out of the partnership moneys of the firm of A. Blochman & Co., and he had at the time notice that said Cerf purchased the said real property for and on account of the firm of A. Blochman & Co., and that he now and did hold the legal title to said real property in trust for said firm of A. Blochman & Co."

All the foregoing findings down to the sixth were admitted by the parties, but it is contended that the seventh finding was not supported by the evidence.

We cannot fully understand how the fact that plaintiff knew the purchaser at the execution sale was a member of the firm obtaining the judgment in the Superior

Court, but we think such fact was fairly deducible from the evidence in the case. But conceding that fact, we think the court below erred in its conclusion. "The judgment debtor or redemptioner may redeem the property from the purchaser at any time within six months after the sale, on paying the purchaser the amount of his purchase, with two per cent per month thereon in addition up to the time of redemption, together with the amount of any assessment or taxes which the purchaser may have paid thereon after purchase, and interest on such amount; and if the purchaser be also a creditor having a prior lien to that of the redemptioner, other than the judgment under which such purchase was made, the amount of such lien with interest." (Code Civ. Proc., sec. 702.)

The court below held that the case came within the last clause of the foregoing section. In this we think the court erred, as the case was within the first clause, with the conditions of which the plaintiff fully complied.

We cannot see how the firm obtaining a judgment against the same defendant in the Superior Court could have been prejudiced by a redemption from the sale under the second judgment, as the lien of the first judgment was in no manner affected thereby. It was simply an attempted redemption by the judgment debtor whereby the sale under the second judgment would have been wiped out.

Judgment reversed, and cause remanded.

SHARPSTEIN, J., and THORNTON, J., concurred.